UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BARBARA TALLEY                                          CIVIL ACTION

VERSUS                                                  NO. 16-406-BAJ-RLB

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY

**ORDER**

Before the Court is Defendant's Motion to Compel Discovery Responses (R. Doc. 12) filed on November 28, 2016.  Defendant seeks an order compelling Plaintiff to respond to Interrogatories and Requests for Production of Documents propounded on or about September 9, 2016. (R. Doc. 12-2).  Defendant represents that despite extensions of the deadline to provide responses, Plaintiff has not provided any responses or objections to date. (R. Doc. 12 at 1-2).

The Court ordered Plaintiff to file an expedited response on or before December 7, 2016. (R. Doc. 13).

On December 7, 2016, Plaintiff filed an Opposition arguing that Defendant's Motion is now moot because, as of the date of filing of the opposition, Plaintiff submitted responses to the propounded discovery. (R. Doc. 14).  Plaintiff provides no explanation for the dilatory response to the discovery requests.

Based on Plaintiff's representations, the motion to compel will be granted.  The Court, however, makes no finding regarding the sufficiency of any production that has been made.  Should Defendant believe that the responses are insufficient, the parties must again confer regarding any issues in an attempt to resolve a dispute prior to filing any discovery related motions.  Any Rule 37 certificate shall specifically set forth when the conference occurred, who participated in the conference, how it was conducted (in person or by phone), what issues were discussed, what issues were resolved, and how long the conference lasted (in minutes).

In granting the motion, the Court notes that the production was only made by Plaintiff after the Motion to Compel was filed and even then not until the Court ordered Plaintiff to file a response to the Motion. Plaintiff's response provides nothing to indicate that the provisions of Fed. R. Civ. P. 37(a)(5)(A) regarding fees and expenses should not apply. Indeed, Plaintiff provided no explanation whatsoever for her failure to comply timely with her discovery obligations. For these same reasons, the Court does not find that any exception is applicable.[1]

Defendants' Motion did not request any specific amount of expenses or fees. After a review of the Motion and supporting memorandum, and considering similar cases in this district, the Court finds that an award of expenses in the amount of $250.00 is appropriate.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery Responses (R. Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 37(a)(5)(A), Plaintiff's counsel shall pay Defendant the amount of **$250.00** as the reasonable expenses incurred in making the instant motion. Payment shall be made within 14 days of the date of this Order.

Signed in Baton Rouge, Louisiana, on December 9, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court shall order the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).